UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 17-129-DLB

SHAWN STOWERS                                                        PLAINTIFF

vs.                    **MEMORANDUM OPINION AND ORDER**

KINGS DAUGHTERS HOSPITAL                         DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This case is before the Court on King's Daughters Medical Center's[1] Motion to Dismiss (Doc. # 8) this employment-discrimination action. For the reasons stated below, the Court will **grant** the Motion to dismiss and **dismiss** this action.

I.      FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiff, he began working at Ashland Hospital Corporation d/b/a King's Daughters Medical Center ("the Hospital") on September 12, 2016. (Doc. # 1 at 1). A little more than one month later, a Plaintiff's physician gave him a note indicating Plaintiff could work forty hours per week so long as he wore a specific boot and tried to stay off his foot. *Id.* That same day, Plaintiff alleges that he approached "Sis Hineman, Kitchen Supervisor" with his doctor's note and asked for a job with lesser standing requirements. *Id.* Allegedly, Sis Hineman responded by saying, "If Human Relations knows of you having any restrictions they will let you go. You will no longer be working

---

[1] Although Plaintiff has named "Kings' Daughter Hospital" as the Defendant in this action, in his Complaint, Plaintiff refers to Defendant as both Kings Daughter's Medical Center and Kings Daughter's Hospital. Defendant has identified itself in its Motion to Dismiss as Ashland Hospital Corporation d/b/a King's Daughters Medical Center. (Doc. # 8).

1

here." *Id.* According to Plaintiff, he then approached Hospital Human Resources employee Megan Clark Brown to explain that he was "going to lose his foot and part of his leg" and wanted to make sure he would be able to return to his job as soon as his doctor had released him to work. *Id.* Megan Brown allegedly told Plaintiff that "she would have to get back to him." *Id.*

That very same day, Plaintiff alleges that he was rushed to the Hospital with a high fever and fading health. *Id.* Plaintiff alleges that the following day both Megan Brown and Sis Hineman visited him in the hospital and urged him to resign from his employment, which he refused. *Id.* According to Plaintiff, one week after these visits, Megan Brown called him while he was still in the hospital to inform him that he had been fired, effective November 26, 2017, and that he no longer had health insurance through the Hospital. *Id.* at 1-2.

On or about February 15, 2017, Plaintiff's doctor released him to work with no restrictions. *Id.* at 2. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and on August 30, 2017, the EEOC issued Plaintiff a Notice of Right to Sue. (Doc. # 1-1). Plaintiff filed this pro se action on November 28, 2017, alleging that the Hospital had wrongfully terminated him. (Doc. # 1). Plaintiff's Civil Cover Sheet for this case indicates the action concerns Plaintiff's employment rights under the Americans with Disabilities Act ("ADA"). (Doc. # 1-2). The Court denied Plaintiff's Motion to Appoint Counsel, (Docs. # 3 and 6), and summons was issued to the Hospital on January 23, 2018. (Doc. # 7). The Hospital filed the instant Motion to Dismiss soon after, arguing that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim upon

which relief can be granted under Rule 12(b)(6), and for insufficient service of process under Rule 12(b)(5). (Doc. # 8). Plaintiff having responded (Doc. # 9), and the Hospital having replied (Doc. # 11)[2], the Motion is ripe for the Court's review.

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge the Court's subject-matter jurisdiction. A Defendant's motion to dismiss an action pursuant to Rule 12(b)(1) is premised on the axiom that the burden of proving jurisdiction rests with the plaintiff. *RMI Titanium Co., v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). While factual attacks focus on the factual existence of subject-matter jurisdiction, facial attacks challenge the sufficiency of the pleadings. *Id.* In considering a factual attack, "the court is free to weigh the evidence and satisfy itself of the existence of its power to hear the case." *Id.*

Here, the Hospital has moved to dismiss the Complaint, arguing that Plaintiff has neither alleged the minimum amount in controversy to secure jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, nor alleged sufficient facts to establish federal-question jurisdiction under 28 U.S.C. § 1331. (Doc. # 8 at 6-8). Plaintiff claims, however, that he "has sufficiently established federal question jurisdiction over his ADA

---

[2] Alongside his Response (Doc. # 9), Plaintiff includes what appears to be proof of service (Doc. # 9-4). Although lacking some key criteria, the document appears to satisfy the issue relevant to Defendant's Rule 12(b)(5) motion. (Doc. # 11 at 1) ("While the Proof of Service fails to state the method of service, the primary concern raised in [Defendant's] motion regarding the identity of the server appears to have been resolved."). Defendant's Motion to Dismiss based upon insufficient service of process under Rule 12(b)(5) is therefore **denied**.

claims." (Doc. # 9 at 4). Because Plaintiff's does not argue that the Court has diversity jurisdiction, the Court will focus only on whether Plaintiff has proven that federal-question jurisdiction exists.

The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys.*, 287 F.3d 568, 573 (6th Cir. 2002). Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint … that the plaintiff's cause of action was created by federal law." *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("A case arises under federal law when federal law creates the cause of action asserted."). Thus, Plaintiff's Complaint must show on its face that his cause of action is created by federal law.

That said, "pro se complaints are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *West v. Adecco Emp't Agency*, 124 F. App'x 990, at *1 (6th Cir. 2005) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this does not eliminate the pro se plaintiff's obligation to "conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Id.* (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984)).

The *West* case provides appropriate context in this matter. In *West*, the pro se plaintiff had attached a copy of his EEOC right-to-sue letter with the complaint filed in court. *Id.* at *1. The letter itself indicated that the plaintiff had a right to sue under Title VII or the ADA. *Id.* The Sixth Circuit found that although the plaintiff did not specify which law he was suing under, the right-to-sue letter was sufficient to show that the plaintiff had intended to sue under one of the two federal employment laws mentioned in the letter,

4

either of which would provide federal-question jurisdiction. *Id.* Thus, using "the less stringent pleading rules for pro se litigants," the Sixth Circuit found that the complaint sufficiently stated grounds for subject-matter jurisdiction. *Id.*

Like the plaintiff in *West*, Plaintiff has attached his EEOC right-to-sue letter and indicated he is bringing this action under ADA. (Docs. # 1-1 and 1-2). He has also alleged that he was employed by the Hospital, and that he was terminated by the Hospital in relation to the loss of his foot and part of his leg. (Doc. # 1). Liberally construed, Plaintiff's well-pleaded complaint sufficiently states the grounds for federal-question jurisdiction. For these reasons, the Hospital's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter is **denied.**

## B. Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions." *Id.* Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss under Rule 12(b)(6), the court must "accept[ ] all factual allegations [in the Amended Complaint] as true and draw[ ] all reasonable inferences in favor of the plaintiff." *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007) (citing *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

In addition to pleading jurisdiction, a plaintiff is also required to include in his complaint a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). But, as stated above, because Plaintiff is proceeding pro se, he is held to a less stringent pleading standard. However, Plaintiff is still required to "plausibly suggest his entitlement to relief." *Garrett v. Belmont Cty. Sheriff's Dept.*, 374 F. App'x 612, at *2 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 681); *see also Harris v. Lee,* No. 2:13-cv-151-DLB, 2014 WL 1612698, at *2 (E.D. Ky. Apr. 22, 2014) (quoting *McFadden v. Lucas,* 713 F.2d 143, 147, n. 4 (5th Cir. 1983) ("This standard, though, does not require the Court to conjure up facts that were not pled in the complaint.").

Liberally construing his Complaint, Plaintiff has brought a wrongful-termination claim against the Hospital based upon his alleged disability. To establish a claim of discrimination under the ADA, Plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified for his previous job at the Hospital; (3) that he "suffered an adverse employment decision"; (4) that the Hospital knew or had reason to know of his disability; and (5) that he "was replaced or that his position remained open while [the Hospital] looked for other applicants." *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir. 2000) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

Plaintiff has not adequately pled a prima facie case of discrimination under the ADA, and has therefore failed to provide sufficient facts to make out a plausible claim for relief in his Complaint. First, it is difficult to determine exactly what Plaintiff's disability was; although he alleges that in October and November 2016, he had difficulty standing for extended time periods, and even suggests that he was going to "lose his foot and part of his leg," Plaintiff states that by February 2017, he had been medically released "back

to work with no restrictions." (Doc. # 1 at 1-2). He does not allege that he is currently under any disability, or even state what disability he allegedly suffered from in late 2016 through early 2017. Thus, Plaintiff has failed to satisfy the first and fourth prongs of the prima facie case for disability. He has not alleged sufficient facts to show that he was disabled, or that the Hospital knew or had reason to know of his alleged disability. *See, e.g., Thomas v. Dana Commercial Vehicle Prods., LLC*, No. 4:13-cv-41-JHM, 2014 WL 1329948, at *4 (W.D. Ky. Apr. 1, 2014) (dismissing ADA discrimination claim because Plaintiff "fail[ed] to identify, even in general terms, his disability and fail[ed] to identify a specific medical condition for which he was regarded as disabled … [or] how he is substantially limited in any major life activity.").

Moreover, Plaintiff has alleged no facts suggesting that he was replaced, or that his position remained open while the Hospital looked for other applicants. Thus, even *assuming arguendo* that Plaintiff is otherwise qualified for the job he had at the Hospital and that he suffered an adverse employment decision, Plaintiff has failed to sufficiently plead three of the five required elements to make out a prima facie case of discrimination under the ADA. As a result, he has failed to state a claim upon which relief can be granted, and the Hospital's Motion to Dismiss the Complaint under Rule 12(b)(6) must be **granted.**

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant Kings Daughter Hospital's Motion to Dismiss (Doc. # 8) is **granted in part and denied in part**;

(2) Plaintiff Shawn Stower's Complaint (Doc. # 1) is **dismissed without prejudice**;

(3) This action is **dismissed** and **stricken** from the Court's active docket; and

(4) A Judgment shall be entered contemporaneously herewith.

This 6th day of May, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\Opinions\Ashland\17-129 Stowers v. Kings Daughter MOO.docx